KRANER, A MINOR, APPELLEE, *v.* COASTAL TANK LINES, INC., APPELLANT.

[Cite as Kraner v. Coastal Tank Lines (1971), 26 Ohio St. 2d 59.]

(No. 70-307—Decided April 14, 1971.)

60

Messrs. *Graham & Graham* and Mr. *Thomas R. Bopeley*, for appellee.

Messrs. *Reese, Fitzgibbon & McNenny* and Mr. *James H. McNenny*, for appellant.

*Per Curiam.* Subsequent to the point at which Dr. Oser related the content of Dr. Parker's fourth report, Dr. Oser responded, over timely objections in each instance, to the critical questions pertaining to the causal connection between the accident and the injury, and as to the permanency of the injury. In those hypothetical questions, the content of Dr. Parker's report, as read and interpreted by Dr. Oser, was specifically emphasized.

I paragraph one of the syllabus of *Burens* v. *Indus. Comm.* (1955), 162 Ohio St. 549, this court stated: "The hypothesis upon which an expert witness is asked to state an opinion *must be based upon facts within the witness' own personal knowledge or upon facts shown by other evidence.*" (Emphasis added.)

As the opinions of Dr. Parker contained in the fourth report were not in e idence, and as substantial emphasis was placed upon those opinions in establishing the plaintiff's case, the trial court committed prejudicial error in permitting testimony as to such opinions to be admitted in evidence over objection. Consequently, the judgment is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., ,concur.