THE STATE OF OHIO, APPELLANT, *v.* JONES, APPELLEE.

[Cite as State *v.* Jones (1984), 9 Ohio St. 3d 123.]

(No. 83-615—Decided February 1, 1984.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Michael Evans,* for appellant.

*Mr. James Kura,* county public defender, and *Ms. Gloria Eyerly,* for appellee.

CELEBREZZE, C.J. The issue presented is whether the facts upon which an expert bases an opinion concerning the mental status of a defendant must be perceived by the expert or admitted in evidence.

Jones contends that the court of appeals correctly applied *Chapin, supra,* and that opinion testimony by an expert witness must be based upon facts within the witness' own personal knowledge or upon facts shown by other evidence.

In *Chapin,* the court addressed the issue of whether a psychiatrist appearing as an expert witness may testify about contents of writings which he did not prepare but which aided him in formulating his opinion. Four psychiatrists testified as to the defendant's mental state at the time the criminal offense was committed. The experts referred to contents of reports on the defendant which were not admitted in evidence. The court held in paragraph two of the syllabus that:

"Opinion testimony by an expert witness must be based upon facts within the witness' own personal knowledge or upon facts shown by other evidence. (*Kraner* v. *Coastal Tank Lines* [1971], 26 Ohio St. 2d 59 [55 O.O.2d 68], approved and followed.)"

In *Kraner,* the court found that it was prejudicial error to permit expert opinion testimony based upon medical reports not admitted in evidence. Thus, it was error for the trial court to admit the testimony of expert witnesses based upon records not in evidence and such testimony was held to be prejudicial.

We agree with the court of appeals that *Chapin* is dispositive of the question presented in the case *sub judice.* Although not mentioned in *Chapin* or by the court of appeals in this case, we determine that Evid. R. 703 applies. It provides as follows:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."

The rule clearly requires that the facts upon which an expert opinion is based must be perceived by the expert or admitted in evidence. The commentators on Ohio evidence agree that each element of fact upon which the opinion is based must either be perceived by the expert or admitted during the course of the trial.[1]

In this case, the state concedes that the three expert witnesses based their opinions that Jones continued to be mentally ill and in need of

---

[1] Blackmore & Weissenberger, Ohio Evidence (1980), Chapter 703; and Palmer, Ohio Courtroom Evidence (1983 Rev.), Chapter 21, Rule 703.

hospitalization in part on reports and medical histories not admitted in evidence and not prepared by the witnesses.[2]

Therefore, we find that it was error to admit the expert opinion testimony based on medical reports and records which were not prepared by the expert witnesses and not admitted in evidence.[3] Pursuant to Evid. R. 703, facts or data upon which an expert bases an opinion must be those perceived by him or admitted in evidence at the hearing.

Accordingly, the judgment of the court of appeals is affirmed and the cause is remanded to the trial court for a new hearing consistent with Evid. R. 703.

*Judgment affirmed.*

W. Brown, Sweeney, Locher, C. Brown and J. P. Celebrezze, JJ., concur.

Holmes, J., dissents.

---

[2] The treating physician apparently was not called to testify. Instead, three experts examined Jones for the purpose of the hearing.

The court of appeals noted that:

"Dr. Lindner testified that, following his 30 minute examination of defendant in preparation for the hearing, he concluded that defendant had the symptoms of suspicion, inability to accept responsibility, rationalization and denial, and that his memory was impaired. When asked to state the basis of his opinion that defendant should be hospitalized subject to a court order, Dr. Lindner referred to defendant's violent behavior in 1977, again in the Central Ohio Psychiatric Hospital and during an escape attempt from Lima State Hospital. That information apparently was received from records available to Dr. Lindner. Dr. Lindner did not testify that the defendant represents a substantial risk of physical harm to others or himself or that he is in need of treatment in a mental hospital because of behavior that creates a grave and imminent risk to substantial rights of others or himself."

Dr. Ruth McIntyre, a psychologist who examined defendant for two hours, testified that, if defendant were released, he would pose a substantial risk of danger to other people because his psychosis would become acute in a relatively short period of time. However, her testimony regarding his inability to cope with stress was based upon reports of the Central Ohio Psychiatric Hospital, Lima State Hospital, and other doctors.

Dr. Thomas Rockwell, a psychiatrist, also testified that defendant would be dangerous if released to the public, and stated that he based his opinion upon the reports that he 'had from various sources, his original evaluation, and at the time he was tried, the reports from Lima State Hospital.' Dr. Rockwell did not participate in the preparation of any said reports."

[3] Because the state did not argue in the appeal before this court that such testimony was not prejudicial, we need not address the issue.