THE STATE OF OHIO, DEPARTMENT OF MENTAL HEALTH, APPELLEE, *v.* MILLIGAN, APPELLANT.

(No. 87AP-393—Decided
March 22, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *J. Michael Evans,* for appellee Department of Health.

*Michael Miller,* prosecuting attorney, and *Joyce S. Anderson,* for appellee state of Ohio.

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

Cook, J. In 1978, appellant, William Milligan, was found not guilty by reason of insanity of the crime of rape. He was placed into the custody of appellee, Ohio Department of Mental Health. On July 4, 1986, he escaped from the Central Ohio Psychiatric Hospital. He was apprehended in December 1986, and was confined in the Timothy B. Moritz Forensic Unit of the Central Ohio Psychiatric Hospital.

On February 27, 1987, a hearing was held pursuant to R.C. 2945.40 and 5122.15 to determine appellant's mental status and to determine the least restrictive treatment environment in which appellant's treatment needs could be met and the public safety protected. On April 20, 1987, the court found appellant's treatment could be pursued and the public safety protected by his being confined in the Timothy B. Moritz Forensic Unit, a maximum security mental institution.

Appellant has appealed the judgment of the trial court and has filed the following three assignments of error:

"1. Respondent was improperly deprived of his right to cross-examine a key witness with respect to matters relevant to the credibility of the witness in violation of due process of law and the Rules of Evidence.

"2. Plaintiff's exhibits two through fourteen were improperly admitted into evidence.

"3. The trial court erred when it allowed an expert witness to render an opinion, over objection, based upon facts not within the witness' own personal knowledge or upon facts not shown by other evidence."

The assigned errors are without merit.

Appellant first contends that the trial court erred in not permitting him to cross-examine Dr. Phillip Coons, an expert witness for appellee, as to the amount he was paid for testifying and for a proposed treatment plan that he had been asked to prepare for appellee. Appellant argues that he was thus denied an opportunity to demonstrate that Coons had a pecuniary interest in the outcome of the case and thus was biased.

Generally, a party, in attempting to show bias on the part of an expert witness, may inquire as to whether said expert is to be paid a fee, but inquiry into the amount of the fee is improper. *State* v. *Riggle* (1956), 76 Wyo. 1, 298 P. 2d 349; *People* v. *Tomalty* (1910), 14 Cal. App. 224, 111 P. 513; *Current* v. *Columbia Gas of Ky., Inc.* (Ky. App. 1964), 383 S.W. 2d 139; *H. I. Holding Co.* v. *Dade Cty.* (Fla. App. 1961), 129 So. 2d 693. See, generally, Annotation, Cross-Examination of Expert Witness as to Fees, Compensation and the Like (1954), 33 A.L.R. 2d 1170.

In the instant cause, appellant sought to determine the amount of Coons' fees. The trial court properly did not permit him to pursue said line of questioning.

Appellant's second contention is that the court erred in admitting ap-

pellee's exhibits two through fourteen into evidence. The exhibits consisted of appellant's records from the various mental institutions in which he has been confined since trial. At the time of the hearing *sub judice,* appellant was a ward of the Timothy B. Moritz Forensic Unit. However, he had previously been confined in a number of other state institutions, and the records had been sent with him as he was transferred from one hospital to another. The state called Marcia Roeder, administrator for the Legal Assurance Department at the Central Ohio Psychiatric Hospital and supervisor of the medical records, to testify as custodian of the records for the purpose of authentication.

Three arguments are advanced for excluding the records from evidence. The first, which was the basis of appellant's objection at the hearing, is premised upon Roeder's testimony as custodian of the records. Specifically, appellant contends that since Roeder testified that she was the keeper of the records only at the Timothy B. Moritz Forensic Unit, she was qualified to authenticate only the records made at Moritz and not the records from the other hospitals.

In seeking to have the records admitted, the state offered Roeder's testimony as a foundation under Evid. R. 803(6), which sets forth the "business records" exception to the hearsay rule.

Evid. R. 803(6) provides in pertinent part:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

There appears to be no dispute as to the identity of the medical records, *i.e.,* that the records are those of appellant, William S. Milligan. It is additionally undisputed that the records are derived from different sources, namely, from the mental hospitals in which appellant has been confined since trial.

Hospital records have been generally recognized as admissible evidence under Evid. R. 803(6), primarily due to the fact that such records involve a high degree of trustworthiness in that they are relied upon by doctors and hospital staff in treating and curing patients. See, *e.g., Weis* v. *Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E. 2d 245; *Dillow* v. *Young* (1965), 3 Ohio App. 2d 110, 32 O.O. 2d 199, 209 N.E. 2d 623; see, generally, Annotation, Admissibility of Hospital Records Under Federal Business Records Act (28 USC § 1732[a]) (1971), 9 A.L.R. Fed. 457. The question is whether the testimony of Roeder was adequate to allow the introduction of all the records and not just those prepared at Moritz.

We note as a preliminary matter that the records were offered by the state in the case *sub judice* as a basis for the testimony of its sole witness,

Coons. We additionally proceed with the understanding that psychological testimony such as that presented here must necessarily be grounded in part upon a patient's medical history, which observation is buttressed by the fact that nearly all appellant's expert witnesses testified as to examining the records. Under these circumstances, we must conclude that the medical records were properly admitted as evidence. Although the records may have originated from hospitals other than the one in which appellant is presently confined, there is no doubt that the records are now an integral part of the Moritz file. As such, Roeder was qualified to testify as custodian of the records, and her testimony thereby served to authenticate the records.

Appellant's second contention concerning the admissibility of the medical records is that the records contained many entries based upon hearsay or otherwise inadmissible evidence. Inasmuch as the records were not transmitted to this court on appeal, however, it would be an exercise in futility for us to hypothesize as to the actual content of the documents. The trial court had the opportunity to thoroughly examine all the evidence. We cannot say that the admission of the records was erroneous based on the entries contained in the records, when we do not know what those entries are.[1] Appellant misapprehends the significance of *Hytha* v. *Schwendeman* (1974), 40 Ohio App. 2d 478, 69 O.O. 2d 419, 320 N.E. 2d 312 (factors necessary to admit a medical diagnosis into evidence).

Appellant thirdly suggests that, due to Roeder's position as administra-

tor of the "Legal Assurance Department," the records may have been maintained solely for purposes of litigation and were thus not admissible via Evid. R. 803(6) or its statutory equivalent, R.C. 2317.40. However, nothing in the record supports this contention.

We conclude that the authentication of the records by Roeder conformed to the requirements of Evid. R. 803(6), and in doing so, overrule the second assignment of error.

In his final assignment of error, appellant contends that the court erred in allowing Coons, the state's expert witness, to testify that, in his opinion, appellant should be confined in a maximum security mental institution. Appellant argues that Coons indicated that, as a foundation for his testimony, he had examined appellant, examined appellant's records and talked to Dr. Davis, Michael Miller, Carol Statler, Dr. Caul and appellant's mother, but that Coons did not state the facts he had obtained from his sources of information.

However, the basis of appellant's objection at the hearing was that Coons' opinion relied in part upon facts not within his personal knowledge and not shown by the evidence, namely the medical records and conversations with the above-mentioned persons. Under either theory, we must disagree.

Evid. R. 703, applicable herein, provides as follows:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."

---

[1] At oral argument, counsel for appellant explained the absence of the records and offered to make them available for our perusal. Although we understand appellant's position, we do not believe that trans-

mission of the exhibits in such informal fashion was contemplated by the appellate rule. See App. R. 10; Loc. App. R. 7 of the Tenth Appellate Judicial District.

Appellant relies on *State* v. *Jones* (1984), 9 Ohio St. 3d 123, 9 OBR 347, 459 N.E. 2d 526, which cited with approval *State* v. *Chapin* (1981), 67 Ohio St. 2d 437, 21 O.O. 3d 273, 424 N.E. 2d 317. In *Jones, supra,* the Ohio Supreme Court affirmed a decision from this court which had remanded the cause on the ground that testimony from three experts was based in part on medical reports and records which were not prepared by the expert witnesses and not admitted into evidence, pursuant to Evid. R. 703. As discussed in the second assignment of error, the records in the case *sub judice* were properly admitted by the trial court into evidence. Therefore, insofar as Coons' expert opinion was based on the results of his personal examination of appellant and on the medical records, any error predicated upon *Jones* is nonexistent.

We must further consider the fact that Coons' opinion stemmed partially from his discussions with various people who were familiar with appellant. Clearly, an expert may not rely on oral statements of others as a basis for his expert testimony when said statements have not been admitted into evidence. *In re Jones* (Nov. 4, 1980), Franklin App. No. 80AP-153, unreported. We find, however, that appellant suffered no prejudice as a result of any error committed by the trial court concerning Coons' testimony.

An examination of the testimony offered by Coons reveals the impossibility of distinguishing that testimony based on permissible grounds, *i.e.,* personal examination and medical records, from that testimony based on Coons' discussions with appellant's contacts. Nevertheless, in light of the fact that the majority of expert witnesses who testified on appellant's behalf based their opinions on precisely the same grounds, we fail to discern how any error in Coons' testimony was prejudicial to appellant. In so finding, we must assume that the trial court considered the entire bulk of evidence admitted, not solely the testimony of Coons. Additionally, counsel for appellant had the opportunity to cross-examine Coons on any subject contained in the records on which Coons may have relied in giving his opinion concerning appellant's condition and proposed treatment. Appellant's third assignment of error is therefore not well-taken and is overruled.

Accordingly, in light of the foregoing, appellant's first, second and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

MCCORMAC, J., concurring separately. I agree with the judgment and the fact that all assignments of error should be overruled. However, I disagree with the statement of the majority that the general rule is that a party who attempts to show bias on the part of an expert witness may not inquire as to the amount of the fee. Generally, this inquiry is relevant and thus admissible. See Evid. R. 402. A witness' bias and prejudice by virtue of a pecuniary interest in the outcome of the proceeding is a matter affecting credibility under Evid. R. 611(B). See *State* v. *Ferguson* (1983), 5 Ohio St. 3d 160, 165, 5 OBR 380, 385, 450 N.E. 2d 265, 270. However, the trial court does have substantial discretion in the man-

ner in which the inquiry is conducted in order to protect the witness from harassment, or to prevent the issue from being distorted out of perspective. In the case at hand, trial was to the court and there was no prejudice to appellant.