THE STATE OF OHIO, APPELLANT, *v.* SOLOMON, APPELLEE.

[Cite as State *v.* Solomon (1991), 59 Ohio St. 3d 124.]

(No. 90-734—Submitted February 19, 1991—Decided May 1, 1991.)

*Lee C. Falke,* prosecuting attorney, and *Lorine M. Reid,* for appellant.

*Earl H. Moore,* for appellee.

DOUGLAS, J. This appeal presents two issues for our consideration. Appellant's first contention is that the opinion of an expert witness must be based on the expert's own personal knowledge or on facts admitted in evidence and may not be based on hospital records and/or opinions of other experts. The second contention of appellant is that proof of the temporary and voluntary ingestion of drugs by a defendant does not establish the defense of insanity and does not entitle the defendant to a jury instruction on drug-caused insanity.

While in a general sense we agree with the contentions of appellant, upon the facts of this case, we do not find appellant's arguments well-taken and, thus, we affirm the judgment of the court of appeals in all respects. Our reasons follow.

I

The basis of opinion testimony by experts is provided for in Evid. R. 703. The rule states that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him *or* admitted in evidence at the hearing." (Emphasis added.)

Appellant contends that the testimony of the two doctors was properly stricken because they, in part, based their opinions on reports not in evidence. It is appellant's contention that Evid. R. 703 bars the doctors' testimony. In support of its position, appellant cites us to *State* v. *Chapin* (1981), 67 Ohio St. 2d 437, 21 O.O. 3d 273, 424 N.E. 2d 317, and *State* v. *Jones* (1984), 9 Ohio St. 3d 123, 9 OBR 347, 459 N.E. 2d 526. Upon the facts of the case at bar, we do not agree with appellant.

In *Chapin*, there is no indication that the psychiatrists called to testify ever personally examined the defendant. Their testimony was based on reports and records not in evidence and not prepared by the witnesses. Those facts differ from the facts now before us. Both of the doctors herein, whose testimony was disallowed, had examined appellee and, thus, had based their opinions on facts or data perceived by them.

Likewise is *Jones* inapposite. While the court in *Jones* held that a medical opinion based upon reports not in evidence was not admissible, the court did not meet or discuss the issue as to whether such testimony is admissible where the doctors have personally examined the defendant and have arrived at their opinions based, in whole or in major part, on their perceptions gained from their direct personal examinations of the defendant.

Accordingly, we find that where an expert bases his opinion, in whole or in major part, on facts or data perceived by him, the requirement of Evid. R. 703 has been satisfied. It is important to note that Evid. R. 703 is written in the disjunctive. Opinions may be based on perceptions *or* facts or data admitted in evidence.

Therefore, we find that the court of appeals was correct in ruling that the testimony by Dr. Sastry and Dr. Schramm regarding appellee's sanity should have been admitted by the trial court.

II

As to the issue of the jury instructions, appellant contends that the evidence presented by appellee did not rise to the level that it was necessary for the trial court to give the complete insanity instruction as requested by appellee. We do not agree.

Appellee, through Dr. Trevino, presented evidence that appellee suffered from bi-polar disorder, cocaine psychosis and insanity. There was also evidence that appellee had been ad-

dicted to cocaine for some period of time.

The jury instruction requested by appellee is found in Section 411.53(2) of the Ohio Jury Instructions. The instruction provides: "Voluntary intoxication, no matter how extreme, is not an insane condition. However, a defect or disease of the mind caused by the use of (intoxicants) (drugs) and resulting in insanity, as previously defined, is a defense to an offense."

The trial court gave only the first sentence of the instruction. We agree with the court of appeals that there was sufficient evidence before the trial court to require that the full instruction be given. Accordingly, it was error, given the facts of this case, for the trial court to refuse to give the complete instruction as requested by appellee.

The judgment of the court of appeals is affirmed. This cause is remanded to the trial court for proceedings not inconsistent with this opinion.

*Judgment affirmed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.