OPINION
This matter presents a timely appeal from a jury verdict and judgment rendered upon such verdict by the Columbiana County Common Pleas Court, finding in favor of plaintiff-appellee, Louise Wells, Executor, and awarding damages in her wrongful death claim.On April 17, 1996, Halene Springer was crushed to death when the porch of the apartment in which she resided collapsed. Appellee was appointed executor of Ms. Springer's estate. Appellee thereafter brought a wrongful death action against several individual defendants, including the present owners of the apartment, David Hoppel and his wife, Bonnie Hoppel; the prior owner of the apartment, Carl Hoppel; the person who constructed the apartment building, Herman Hoppel; a prior co-owner, Howard Bowerstock; and, the former property manager, James Hoppel.
The trial court entered default judgment against Carl Hoppel, finding him negligent as a matter of law. The trial court also granted the motion for summary judgment filed by Howard Bowerstock and James Hoppel. David and Bonnie (hereafter referred to collectively as appellants) filed a motion for summary judgment. However, the trial court denied this motion and a jury trial commenced on February 1, 1999. The jury rendered a verdict in favor of appellee and awarded damages in the amount of $1,134,479.00. The jury returned a defense verdict for Herman Hoppel. The trial court entered judgment upon the verdict and held that appellants and Carl Hoppel were jointly and severally liable for the verdict. Appellants filed a motion for new trial and the trial court denied same on June 18, 1999. Appellee filed a motion for prejudgment interest and the trial court granted same on June 24, 1999. This appeal followed.
Appellants set forth three assignments of error on appeal.
Appellants' first assignment of error alleges:
 "THE TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT OR A DIRECTED VERDICT IN FAVOR OF DEFENDANTS DAVID AND BONNIE HOPPEL FOR THE REASON THAT REASONABLE MINDS CAN ONLY CONCLUDE THAT DEFENDANTS DID NOT HAVE ACTUAL OR CONSTRUCTIVE NOTICE OF THE DEFECT WHICH ALLEGEDLY CAUSED HARM TO PLAINTIFF'S DECEDENT."
Summary judgment is governed by Civ.R. 56(C), and in WelcoIndustries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346, the Ohio Supreme Court discussed the standard for granting summary judgment, stating:
 "Under Civ.R. 56, summary judgment is proper when `(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' * * * Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."
Additionally, the Ohio Supreme Court in Dresher v. Burt (1996),75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 by simply making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims. The Ohio Supreme Court, in Dresher, supra, further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial. In reviewing a trial court's decision to grant summary judgment, a court of appeals must conduct a de novo review of the record.
Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326.
The standard which regulates the trial court's authority to grant a directed verdict is found in Civ.R. 50(A)(4), which states:
 "When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
Further, a trial court may not weigh the evidence or try the credibility of witnesses in deciding a motion for directed verdict. Rutav. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66. Rather, the trial court assumes the truth of the evidence which supports the facts essential to the non-moving party's claim, thereby giving the non-moving party the benefit of all reasonable inferences from the evidence.
Ruta, supra. The trial court is merely called upon to determine whether any evidence of substantive, probative value exists in support of a party's claim. Ruta, supra.
Appellants argue that because reasonable minds can only conclude that they lacked actual or constructive notice of the failure of the steel rods supporting the balcony, appellee can not establish liability as a matter of law under the Landlord Tenant Act. Additionally, appellants maintain that the opinion of appellee's expert, David Wain, provided no testimony regarding an ordinary person's interpretation of the alleged warning signs and, therefore, failed to create a question regarding any material fact. Further, appellants submit that because Ohio law does not impose upon a landlord a duty to inspect pursuant to R.C. 5321.04(A)(2), such duty was placed on Halene Springer pursuant to the lease. Appellants therefore believe that they were entitled to judgment as a matter of law.
In Continental Insurance Co. v. Whittington (1994), 71 Ohio St.3d 150,159, the Ohio Supreme Court held that "where * * * a motion for summary judgment is denied upon a finding that genuine issues of material fact exist that must be determined at trial, and the subsequent trial on the issues raised in the motion supports a final judgment for the party against whom the motion was made, the final judgment is not to be disturbed solely because it might have appeared before trial that no genuine of material fact existed." Whittington, supra.
In the instant matter, substantial justice was done at the trial court level following a jury trial on the merits. Whittington, supra. Appellants filed a motion for summary judgment alleging that they did not receive actual or constructive notice of the defects which ultimately caused Halene Springer's death. These were the exact issues which were submitted to the jury for consideration and fully litigated in the trial of this matter. (Tr. 859-860). The evidence adduced at trial revealed the existence of genuine issues of material fact concerning the issues raised by appellants in their motion for summary judgment. Whittington, supra. While the record before the trial court at the time it denied the motion may or may not have reflected that situation, the facts presented at trial led the jury to determine that appellants had actual and constructive notice of the specific defect which caused the collapse of the balcony. "Any error in the denial of the motion was rendered moot or harmless since a full and complete development of the facts at trial * * * showed that [appellee] was entitled to judgment." Whittington, supra. Accordingly, "substantial justice would clearly not be served by setting aside the jury's findings and the final judgment of the trial court."Whittington, supra.
Appellants' first assignment of error is found to be without merit.
Appellants' second assignment of error alleges:
 "THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANTS DAVID AND BONNIE HOPPEL A NEW TRIAL BASED UPON NUMEROUS ERRORS AND IRREGULARITIES WHICH TOOK PLACE DURING TRIAL CAUSING PREJUDICE TO DEFENDANTS AND RESULTING IN A VERDICT THAT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellants propose several arguments for this court to consider in ruling upon their second assignment of error. First, appellants contend that they were entitled to a new trial based upon alleged prejudice stemming from the trial court's error of law in failing to submit certain interrogatories to the jury which were requested, in proper form and content.
In addressing such argument, this court must look to Civ.R. 49(B), which provides, in pertinent part:
 "The court shall submit written interrogatories to the jury, * * * upon request of any party prior to the commencement of argument. * * * The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves. The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law."
"Following a timely request by a party, a mandatory duty arises to submit written interrogatories to the jury, provided they are in the form the court approves."
Cincinnati Riverfront Coliseum, Inc. v. McNulty, Co. (1986),28 Ohio St.3d 333, 336. "Nevertheless, Civ.R. 49(B) does not require the trial judge to act as a `"'mere conduit who must submit all interrogatories counsel may propose.'"'" Ziegler v. Wendel PoultryServices, Inc. (1993), 67 Ohio St.3d 10, 15; citing Ramage v. Cent. OhioEmergency Serv., Inc. (1992), 64 Ohio St.3d 97, 107. "The court retains limited discretion to reject proposed interrogatories where they are ambiguous, confusing, redundant, or otherwise legally objectionable."Ziegler, supra.
In order for jury interrogatories to be proper, they must address determinative issues which, once decided, leave nothing for the court to do but enter judgment for the party in whose favor such determinative issues have been resolved. Ziegler, supra, at 15. "Civ.R. 49(B) does not require the submission of an interrogatory which is `merely of a probative or evidentiary nature.'" Ziegler, supra, citing Ragone v. Vitali Beltrami, Jr., Inc. (1975), 42 Ohio St.2d 161, 169. "The structure of Civ.R. 49, and of our adversary system in general, places the burden on the parties themselves to propose proper interrogatories" and a trial court's decision whether to submit a proposed interrogatory to the jury will not be disturbed on appeal, absent an abuse of discretion. Freemanv. Norfolk Western Railroad Co. (1994), 69 Ohio St.3d 611, 614-615. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v. Merrill-Dow Pharmaceuticals, Inc. (1991),58 Ohio St.3d 147.
At trial, appellants sought to have the following narrative interrogatory submitted to the jury:
 "In what respect do you find the Defendants David and Bonnie Hoppel had constructive notice of a defect in the balcony of Unit 1 of the Susan Drive Apartments."
However, the trial court refused to submit the proposed interrogatory to the jury on the basis that it was redundant, stating:
 "I am not going to give the narrative interrogatory. I think that first two [dealing with actual and constructive notice] cover the issues to test the verdict sufficiently." (Tr. 767).
The jury was instructed that for liability to attach to appellants, negligence and proximate cause must be found. (Tr. 852). In addition, the jury was also instructed that beyond negligence and proximate cause, the landlord must also have actual or constructive notice to be adjudged as liable. (Tr. 846-847). The jury was given a general verdict form to find for or against any of the defendants. This form itself tested negligence, proximate cause, and notice, and per the trial court's instructions, all three must have been present before the jury could find against a defendant.
To further test the verdict, the trial court submitted two of appellant's proposed interrogatories; one inquiring as to actual notice and one as to constructive notice. Once the jury reached a determination as to the existence or nonexistence of negligence and proximate cause, these became the determinative issues in the case. When the jury answered these interrogatories, these was nothing left for the trial court to do but enter judgment for the party in whose favor these issues were resolved. Ziegler, supra. The interrogatory presently at issue went an extra step and sought to further test the verdict which was ultimately rendered in favor of appellee. Thus, the trial court was well within its discretion to withhold the requested interrogatory as being redundant and appellants' first argument under their second assignment of error is not well taken.
Second, appellants maintain that Carl Hoppel's participation as a co-defendant at trial after he had entered into a settlement agreement with appellee prior to trial, entitled them to a new trial based upon multiple irregularities in the proceedings and errors of law. Specifically, appellants appear to argue that the inclusion of Carl Hoppel as a defendant at trial, without disclosing the existence of his settlement to the jury, deprived them of their constitutional right to a fair trial. Additionally, appellants suggest that even if Carl Hoppel was not excluded by default judgment, there would have been no incentive to actively participate at trial since he had already settled with appellee. Further, appellants rely on the Ohio Supreme Court's holding inFidelholtz v. Peller (1998), 81 Ohio St.3d 197, for the proposition that they were entitled to seek an apportionment of damages between the defendants in this lawsuit or to receive a set-off for the amount of the judgment to be paid by Carl Hoppel pursuant to his agreement with appellee.
The terms of the settlement at issue in the case sub judice capped the personal liability of Carl Hoppel depending upon the jury's finding of damages, and completely released him from any liability in exchange for an assignment of certain rights against his insurer, Westfield Insurance Company.
In Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 69-70, the Ohio Supreme Court stated:
 "`The law favors prevention of litigation by compromise and settlement * * *.' * * * Given the explosion of litigation so characteristic of the modern era, it is essential that the settlement of litigation be facilitated, not impeded. So long as there is no evidence of collusion, in bad faith, to the detriment of other, non-settling parties, the settlement of litigation will be encouraged and upheld."
Not only did appellants fail to submit evidence of collusion, in bad faith, to their detriment, to disturb the settlement, the record is completely devoid of any objection by appellants as to the inclusion or exclusion of Carl Hoppel as a defendant at any phase of the trial or to the lack of disclosure of his settlement agreement with appellee to the jury.
Failure to object or otherwise advise a trial court of error usually results in the party's waiver of the issue on appeal. Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 121. However, the plain error doctrine allows correction of judicial proceedings "* * * when error is clearly apparent on the face of the record and is prejudicial to the appellant." Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223; citingState v. Eiding (1978), 57 Ohio App.2d 111. "Although the doctrine is primarily reserved for criminal cases, the Ohio Supreme Court has permitted its use in civil cases even when a party fails to object."Everly v. Shuster (1999), Noble App. No. 237, unreported, citingIngersoll, supra. However, this court has warned that:
 "* * * reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." Everly, supra.
The record in this case does not support a finding of plain error on appellants' assertions regarding the inclusion or exclusion of Carl Hoppel in the trial. Additionally, the trial court is not required to disclose the settlement under the province of Evid.R. 408. However, the failure of the trial court to grant appellants a set-off in an amount equal to that paid by Carl Hoppel pursuant to the settlement agreement with appellee is plain error. This rises to the level of plain error because absent the trial court's error, the damage amount for which appellants where responsible to pay appellee would be diminished.R.C. 2307.33(F) (formerly 2307.32(F)), Enforcement of contribution, effects of various circumstances, states:
 "When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property of the same wrongful death, the following apply:
 "(1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss, or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater.
 "(2) The release or covenant discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor." (Emphasis added).
Clearly, in accordance with R.C. 2307.33(F), although appellants may not be able to get contribution from Carl Hoppel in this case, they are entitled to receive a set-off for the amount appellee received from him pursuant to the settlement agreement.Appellants next argue that the trial court abused its discretion in failing to strike the testimony offered by appellee's expert witness, James Kenkel. Appellants claim that his testimony was not based upon facts which were in evidence.
In establishing the basis for an expert's opinion, Evid.R. 703 provides clear dictates for what may be relied upon in arriving at the opinion. According to Evid.R. 703:
 "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."
The Ohio Supreme Court has long held that Evid.R. 703 should be strictly applied to exclude expert opinion testimony not based upon facts perceived by the expert or admitted into evidence. Klein v. Dietz (1998), Mahoning App. No. 95 C.A. 47, unreported, citing State v. Jones (1984),9 Ohio St.3d 123. A trial court will be viewed as having committed prejudicial error if, over objection, it permits testimony into evidence which is based upon evidence not admitted into the record. Kraner v.Coastal Tank Lines, Inc. (1971), 26 Ohio St.2d 59, 60.
Though appellants represent to this court that an objection was made to Mr. Kenkel's inclusion of $75,000.00 of social security benefits despite an alleged lack of facts upon which such an opinion could be based, no such objection is indicated by the record. During the entire testimony offered by Mr. Kenkel concerning this evidence, there was only one unrelated objection made by defense counsel. (Tr. 655-56). Furthermore, defense counsel had the opportunity to cross examine Mr. Kenkel concerning the inclusion of the $75,000.00 social security benefits in his determination. Therefore, this error, if any, was waived. State v.Tipple (1995), Belmont App. Nos. 92-B-33, 92-B-34, unreported.
Appellants next argue that they should have been granted a new trial due to errors committed by the trial court in delivering instructions to the jury. Specifically, appellants allege that the trial court incorrectly instructed the jury that they had an obligation to inspect the premises to discover possible dangerous conditions. In addition, appellants also maintain that the trial court erred to their detriment in re-reading only a highlighted portion of the instruction to the jury which pertained to the liability of appellants without reemphasizing the additional burden required to be met by appellee after the words "to put and keep" were accidentally left out of the initial instruction that was read to the jury.
Appellants' claim that the jury instruction charging them with an obligation to inspect was erroneous and misleading, must fail due to their failure to raise an objection in the trial court pursuant to Civ.R. 51(A), which states in pertinent part:
 "On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."
Thus, since the trial court's action in submitting the instruction does not amount to plain error, appellants have waived their right to assert this issue on appeal to this court.
Appellants' argument with regard to the re-reading of the incomplete jury instruction may be considered on appeal because defense counsel lodged a proper objection. However, such argument is not persuasive. This court will not reverse the judgment of a trial court based on the content of a jury instruction absent an abuse of discretion. Burke v. Schaffner
(1996), 114 Ohio App.3d 655. As previously stated, an abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy,supra. Additionally, this court must consider the jury instruction as a whole and determine whether the instruction probably misled the jury in a matter materially affecting the complaining party's substantial rights.Kokitka v. Ford Motor Co. (1995), 73 Ohio St.3d 89, 93.
Appellants fall well short of meeting their burden of establishing that the trial court abused its discretion and thus misled the jury in re-reading only a portion of the instruction. Finally, appellants summarily urge that due to the various errors which allegedly occurred throughout the trial as asserted above, the resulting verdict was against the manifest weight of the evidence.
Civ.R. 59(A)(6) permits a trial court to grant a motion for new trial on the grounds that the judgment is not sustained by the weight of the evidence, stating:
 "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
"* * *
 "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;"
A trial court's judgment on whether to grant a new trial is reviewed on an abuse of discretion basis. Osler v. Lorain (1986), 28 Ohio St.3d 345.
The overwhelming majority of arguments offered by appellants under this assignment of error are not well taken. Given the above, individual discussions upon the contentions set forth by appellants, it cannot be said that the trial court acted arbitrarily, unreasonably or unconscionably considering the totality of the circumstances. Therefore, appellants' insistence that the verdict rendered by the jury was against the manifest weight of the evidence and, thus, a new trial should be granted, is not well supported.
However, though appellants' prayer for a new trial is not the proper remedy in order, their assertion that they are entitled to receive a set-off for the amount paid by Carl Hoppel to appellee pursuant to their settlement agreement is found to be with merit.
Appellants' third assignment of error alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING PREJUDGMENT INTEREST SINCE DEFENDANTS HAD A GOOD FAITH REASONABLE BELIEF THAT THEY HAD NO LIABILITY AND MADE GOOD FAITH EFFORTS IN ALL SETTLEMENT NEGOTIATIONS."
R.C. 1343.03(C) states:
 "(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
"`[T]he purpose of R.C. 1343.03(C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy * * * [and] to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases * * *.'" Moskovitz v. Mt. Siani MedicalCenter (1994), 69 Ohio St.3d 638, 657-658. Further, the failure to make a good faith effort is not the equivalent of acting in bad faith. Kalainv. Smith (1986), 25 Ohio St.3d 157 . "A party's inactivity can constitute a failure to make good faith efforts without demonstrating bad faith."Black v. Bell (1984), 20 Ohio App.3d 84, 88.
In Loder v. Burger (1996), 113 Ohio App.3d 669, 675, the court provided further guidance in determining whether a trial court correctly grants a motion for prejudgment interest, stating:
 "A party holding an objectively unreasonable belief in nonliability is not excused from the obligation to enter into settlement negotiations, and cannot insulate himself from liability for prejudgment interest by relying on his own naivete. See Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10, 20, 615 N.E.2d 1022, 1031-1032 (party whose belief in nonliability was unreasonable was held liable for prejudgment interest)."
A trial court must find that a party failed to make a good faith effort to settle before it may award prejudgment interest. Kalain, supra. The Ohio Supreme Court in Kalain established guidelines for a trial court to utilize in determining whether a party has failed to make a good faith effort to settle pursuant to R.C. 1343.03(C). Under Kalain, supra at 159, a trial court must determine whether a party has, "* * * (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party." "Whether a good faith effort to settle was made, or whether a good faith belief of nonliability exists, is an issue that is within the sound discretion of the trial court." Maass v. Maass (1999), Mahoning App. No. 98-C.A.-190, unreported. A reviewing court will not reverse a trial court's award of prejudgment interest absent an abuse of discretion. Kalain, supra.
Appellants contend that the trial court abused its discretion in awarding appellee prejudgment interest. Appellants maintain that they initially made a settlement offer of $25,000.00, but that appellee's initial demand was for $1,000,000.00. Appellants state that they never removed their initial offer, and appellee did not lower her demand until the eve of the trial. Appellants state that at that time appellee lowered her settlement demand to $850,000.00 and then to $350,000.00. Appellants state that they responded by offering $100,000.00, but that appellee did not accept this offer. Appellants contend that this negotiation demonstrated their good faith and also demonstrated the fact that the outcome of the trial was uncertain.
The trial court, being in the best position to evaluate the witnesses and weigh the evidence at the hearing on appellee's prejudgment interest motion, determined that awarding prejudgment interest to appellee was proper in this case because, in the court's opinion, appellants failed to evaluate their potential liability and make a good faith monetary settlement offer. Since the trial court's findings were made in consideration of the factors outlined by the Ohio Supreme Court's decision in Kalian, supra, and were supported by the evidence contained in the record, the trial court did not act unreasonably, arbitrarily or unconscionably as defined in Tracy, supra, in awarding appellee prejudgment interest.
Appellants' first and third assignments of error are found to be without merit. The judgment of the trial court is affirmed as to these assignments of error.
However, in accordance with the discussion set forth under appellants' second assignment of error, this case is reversed and remanded to the trial court for the sole purpose of determining the amount appellee recovered pursuant to the settlement agreement with Carl Hoppel. Thereafter, the amount of damages assessed to appellants by the jury should be set-off in accordance with R.C. 2307.33(F) from the amount the trial court determines was contributed by Carl Hoppel under his settlement agreement with appellee.
VUKOVICH, J., concurs, WAITE, J., concurs.