ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, the briefs and oral arguments of counsel. Plaintiff Robert Porrello brought suit against defendant Thomas Warren, D.O., alleging that Warren failed to diagnose and treat a heart condition. Porrello had been admitted to a hospital emergency room with chest pains after eating a heavy meal and Warren, a gastroenterologist on call, was consulted by telephone. The cardiac tests administered at the emergency room did not indicate a heart problem, and the emergency room physician assured Warren over the telephone that he did not believe that Porrello's complaints were cardiac-related. Treatment for gastrointestinal problems only partially alleviated Porrello's pain. Four hours later, when Porrello's condition persisted, Warren went to the hospital and consulted a cardiologist. They had Porrello transferred to another institution for a catheterization. Porrello was later found to have been suffering a heart attack and sustained permanent damage to his heart.
 {¶ 2} The court granted Warren's motion for summary judgment on grounds that Porrello did not submit evidence to establish that Warren's care fell below the recognized standard. That judgment was correct.
 {¶ 3} Porrello based his claim on Warren's failure to diagnose his heart condition with information that he received over the telephone from emergency room personnel. Porrello's expert, however, conceded that he did not know the substance of the telephone conversations that Warren had with the emergency room personnel. He agreed that whether or not Warren's care was appropriate would depend on what questions were asked and what information had been relayed.
 {¶ 4} Evid.R. 703 states:
 {¶ 5} "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."
 {¶ 6} The expert did not testify at trial (the court played his video taped deposition), so he could not rely on any facts admitted into evidence at trial. This left as a basis for admitting as expert opinion those facts "perceived" by the expert at the time of his deposition.
 {¶ 7} We have held that the "perception" of facts must occur first-hand and not be gleaned from other sources. See, e.g., State v.Withrow (Sept. 14, 2000), Cuyahoga App. No. 76343 (expert opinion in sexual abuse case inadmissible when the expert relied on information provided by others and not perceived first-hand); State v. Jones (1983),9 Ohio St.3d 123 (excluding expert opinion when that opinion based upon, among other things, reports made by other doctors).
 {¶ 8} Without knowing what Warren said to hospital personnel, the expert could only engage in impermissible speculation on what was said over the telephone. Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993),509 U.S. 579, 590. Since the expert had no foundation for his opinion,[1]
Porrello could not as a matter of law establish actionable negligence. See Civ.R. 56.
Judgment affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., Concurs.
 Gallagher, J., Concurs with separate concurring opinion.
 CONCURRING OPINION
[1] Porrello appended to his brief video deposition testimony from his expert that was not filed with the trial court and not presented in opposition to the motion for summary judgment. We granted Warren's motion to strike that testimony as being outside the record on appeal. See Motion No. 363468.