OPINION
{¶ 1} Plaintiff-Appellant, Jerry L. Short, appeals the April 20, 2007 judgment entry of the Muskingum County Court of Common Pleas entering judgment in favor of Defendant-Appellee, Shelly Sands, Inc. pursuant to a jury verdict.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On July 8, 2003, Appellant was injured during the course and scope of his employment with Appellee. He filed a claim for workers' compensation benefits, which was allowed by the Industrial Commission for acute left thigh contusion, closed head trauma, contusion left knee, cervical sprain, thoracic sprain, and tear of the posterior horn of the medial meniscus left knee. During the proceedings before the Industrial Commission, Appellant underwent two independent medical examinations performed by Appellee's medical experts, Dr. Kenneth Writesel and Dr. Marc Whitsett.
 {¶ 3} Appellant then filed claims for the additional allowance of lumbar strain/sprain and herniated disc at L3-4. The Industrial Commission allowed the claim for lumbar strain/sprain and denied the claim for herniated disc at L3-4. Appellee and Appellant filed Notices of Appeal of the decisions, respectively.
 {¶ 4} In preparation for trial, Appellant was not re-examined by Appellee's medical experts. The medical experts, however, did provide reports and testified to such reports as to the allowance of Appellant's additional claims. The trial court consolidated the two appeals and the matter was tried to a jury on April 17 and 18, 2007. The jury returned a verdict in favor of Appellee on both claims. *Page 3 
 {¶ 5} Appellant raises four Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN ADMITTING THE OPINION TESTIMONY OF KENNETH WRITESEL, D.O.
 {¶ 7} "II. THE TRIAL COURT ERRED IN ALLOWING THE DEPOSITION OF MARC WHITSETT TO BE PRESENTED TO THE JURY AS IT WAS NOT FILED IN ACCORDANCE WITH CIV.R. 32.
 {¶ 8} "III. THE TRIAL COURT ERRED IN ADMITTING THE OPINION TESTIMONY OF MARC WHITSETT, M.D.
 {¶ 9} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ADMITTING HEARSAY STATEMENTS WHICH DID NOT FALL WITHIN ANY EXCEPTION TO THE PROHIBITION OF EVID.R. 802 AGAINST THEIR ADMISSIBILITY."
 I., III. {¶ 10} As Appellant's first and third Assignments of Error involve similar issues, we will analyze them simultaneously. During the trial, the trial court permitted Appellee to present the videotaped trial deposition of its two medical experts, Dr. Kenneth Writesel and Dr. Marc Whitsett. Appellant argues that it was error for the trial court to admit the opinion testimony of Appellee's experts because their opinions were based upon medical reports not in evidence. We disagree the trial court erred.
 {¶ 11} A determination as to the admissibility of expert testimony is a matter within the discretion of the trial court and will not be disturbed absent an abuse of discretion. Miller v. Bike AthleticCo. (1998), 80 Ohio St.3d 607, 616, 687 N.E.2d 735. Evid. R. 703 provides the basis for opinion testimony by experts. The rule states, "[t]he *Page 4 
facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidence at the hearing."
 {¶ 12} Appellant argues the trial court should not have admitted the testimony of Drs. Writesel and Whitsett because they based their opinions, in part, on reports not in evidence. In support of his argument, Appellant cites us to State v. Chapin (1981),67 Ohio St.2d 437, 424 N.E.2d 317, and State v. Jones (1984), 9 Ohio St.3d 123,459 N.E.2d 526. We find the Ohio Supreme Court has addressed Appellant's argument in State v. Solomon (1991), 59 Ohio St.3d 124, 126,570 N.E.2d 1118.
 {¶ 13} In Solomon, the appellant argued the trial court properly excluded the testimony of two expert medical doctors because they based their opinions, in part, on reports not in evidence. Id. at 125. The appellant's contention to the Court was that the opinion of an expert witness must be based on the expert's own personal knowledge or on facts admitted in evidence and may not be based on records and/or opinions of other experts. Id. at 126.
 {¶ 14} The Court distinguished the facts of Solomon from the facts presented in Chapin and Jones. The Court found in Chapin andJones, the medical experts had never personally examined the defendant. The experts based the totality of their opinion upon reports and records not in evidence and not prepared by the witnesses. Id. at 126. InSolomon, however, both experts had examined the defendant and "thus, had based their opinions on facts or data perceived by them." Id.
 {¶ 15} The Court held that, "where an expert bases his opinion, in whole or in major part, on facts or data perceived by him, the requirement of Evid. R. 703 has been *Page 5 
satisfied. It is important to note that Evid. R. 703 is written in the disjunctive. Opinions may be based on perceptions or facts or data admitted in evidence." Id.
 {¶ 16} Under the wisdom of Solomon, we will now examine the arguments of Appellant as to the admissibility of the expert opinion testimony of Drs. Writesel and Whitsett.
 {¶ 17} Drs. Writesel and Whitsett performed independent medical examinations of Appellant during the pendency of his first workers' compensation claim. When Appellant made his claim for additional allowances of lumbar strain/sprain and disc herniation, Appellee requested the medical opinions of Drs. Writesel and Whitsett on the viability of this additional claim as to whether Appellant's lumbar strain/sprain and disc herniation were a result of the original work place injury that occurred on July 8, 2003. The doctors did not perform a second physical examination of Appellant.
 {¶ 18} Dr. Writesel testified that it was his opinion to a reasonable degree of medical probability that Appellant's claim of lumbar strain/sprain was not the direct proximate result or flow through injury due to Appellant's work place accident on July 8, 2003. (Writesel Trial Depo., pp. 17-18). He stated that he based his opinion on the patient history he took from Appellant during his physical examination, his review of the independent medical examination reports performed by Dr. Randolph and Dr. Chavez, and some of the treatment records and report provided by Dr. Klein (Appellant's treating physician). Id. at 16, 34. Dr. Writesel stated that when he performed his physical examination of Appellant, he did not perform a specific physical examination of Appellant's lumbar spine. Id. at 20. *Page 6 
 {¶ 19} Appellant argues that Dr. Writesel's opinion on this matter is not admissible because it is based upon the independent medical examination reports of Dr. Randolph and Dr. Chavez, which were not admitted into evidence. He further argues that Dr. Writesel could not rely on his physical examination of Appellant in this matter because Dr. Writesel did not examine Appellant's lumbar spine.
 {¶ 20} Upon review of the basis for Dr. Writesel's opinion that Appellant's lumbar strain/sprain was not a result of his work place injury, we find Dr. Writesel based his opinion in major part on facts or data perceived by him during his examination of Appellant. Dr. Writesel's examination included asking Appellant about his past medical history. Id. at 30 — 31. Dr. Writesel further testified that he relied upon some of the treatment records and medical report provided by Dr. Klein, which were admitted into evidence. (T. 68). The trial court did not abuse its discretion in allowing his testimony as the requirements of Evid. R. 703 had been met under the requirements of Solomon. We find the fact that Dr. Writesel did not examine Appellant's lumbar spine during his physical examination of Appellant goes to the weight of the evidence, not the admissibility thereof.
 {¶ 21} Dr. Whitsett testified that it was his opinion to a reasonable degree of medical probability that the disc herniation and lumbar strain/sprain was neither a direct result nor a result of a flow-through condition from the original work place injury. (Whitsett Trial Depo., pp. 23-25). He stated that he based his opinion on his previous medical examination of Appellant that included a physical examination of his back and Appellant's past medical history. Id at 10-11, 17-18, 37. Dr. Whitsett further testified that he also based his medical opinion upon Appellant's medical records provided by *Page 7 
Dr. Klein, Dr. Coleman (Defendant's Exhibit 2), Dr. Schroeder (Defendant's Exhibit 3), and independent medical examination reports by Drs. Randolph and Reitzel. Id. at 14, 15, 45. Dr. Whitsett did state that he did not rely on the IME reports, but he did read them. Id. at 45.
 {¶ 22} In objecting to Dr. Whitsett's testimony, Appellant argues that Dr. Whitsett based his opinion in part on an April 8, 1996 positive orthopedic test suggesting lumbar nerve impingement provided by Dr. Schroeder. (Whitsett Trial Depo., p. 20). While some of the medical records prepared by Dr. Schroeder were admitted into evidence as Defendant's Exhibit 3, the April 8, 1996 treatment record was not admitted. (T. at 79).
 {¶ 23} Reviewing the basis of Dr. Whitsett's opinion in determining that the Appellant's injury was not related to the July 8, 2003 work place accident, we find the requirements of Evid. R. 703 have been met and the trial court did not abuse its discretion in allowing Dr. Whitsett's testimony. Dr. Whitsett based his opinion in major part on facts or data perceived by him during his exam of Appellant that included a physical exam and patient history. Dr. Whitsett also relied on treatment records provided by Dr. Klein and Dr. Schroeder that were admitted into evidence. (T. 68, 79).
 {¶ 24} Accordingly, Appellant's first and third Assignments of Error are overruled.
 II. {¶ 25} Appellant argues in his second Assignment of Error that it was error to allow the video deposition of Dr. Whitsett be presented to the jury because Appellee did not file transcript of the deposition in accordance with Civ. R. 32. We disagree.
 {¶ 26} Civ. R. 32(A) states, "[e]very deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good *Page 8 
cause shown the court permits a later filing." As indicated in the Staff Note to Civ. R. 32, the filing requirement is designed to prevent surprise to the party against whom the deposition is to be used and to place the document with the court prior to the proceedings. Evans v.Smith (1991), 75 Ohio App.3d 160, 164-165, 598 N.E.2d 1287, citingNickey v. Brown (1982), 7 Ohio App.3d 32, 454 N.E.2d 177; Jenkins v.Spano (Dec. 15, 1987), Belmont App. No. 87-B-3, unreported,1987 WL 29648. Moreover, the rule permits a deposition to be filed at a later date when the trial court finds good cause for the delay. SeeArmstrong v. Diamond Shamrock Corp. (1982), 7 Ohio App.3d 296,455 N.E.2d 702.
 {¶ 27} Appellant argues Appellee did not file a transcript of Dr. Whitsett's deposition until the day of trial. The parties discussed this matter on the record, and upon review, we find Appellee gave the trial court the trial transcript of the deposition at a pretrial hearing. (T. 63). The trial court reviewed the transcript and then gave it to the Clerk of Courts for filing. (T. 63). Appellee filed the notice of filing the deposition transcript on the day of the hearing. (T. 63-64). Counsel for Appellant stated that she already knew Appellee was going to play Dr. Whitsett's deposition at trial. (T. 63).
 {¶ 28} Based upon the above exchange, we do not find the trial court abused its discretion by admitting this deposition into evidence at trial. Appellant was previously aware that Appellee was going to use the deposition at trial so therefore suffered no surprise by its use. Appellant's second Assignment of Error is overruled.
 IV. {¶ 29} Appellant argues in his fourth Assignment of Error that the trial court erred in allowing a hearsay statement to be made by Dr. Whitsett in reference to record from *Page 9 
Dr. Schroeder about a positive orthopedic test for lower lumbar nerve impingement dated April 8, 1996. (Whitsett Trial Depo., p. 22). As stated above, some of the treatment records from Dr. Schroeder were admitted into evidence in Defendant's Exhibit 3. The April 8, 1996 treatment record referenced by Dr. Whitsett was not admitted into evidence, nor does it appear from the record that the parties attempted to enter this exhibit into evidence.
 {¶ 30} Appellant argues it was error to allow Dr. Whitsett's reference to the April 8, 1006 treatment record as it was inadmissible hearsay prejudicial to Appellant. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and is not admissible. Evid. R. 801(C) and 802.
 {¶ 31} Upon review of Dr. Whitsett's testimony, we find Dr. Whitsett's reference to the April 8, 1996 treatment record was not offered into evidence to prove the truth of the matter asserted — whether Appellant's disc herniation was a direct result of or flow through injury caused by the July 8, 2003 workplace accident. Rather, Dr. Whitsett referenced the treatment record as to explain what helped him form the basis of his medical opinion.
 {¶ 32} Appellee's counsel asked Dr. Whitsett what information contained within the medical records substantiated his opinion that the disc herniation was not related to Appellant's work place injury. (Whitsett Trial Depo., p. 18, 20). Dr. Whitsett testified that he reviewed the records of diagnostic tests performed on Appellant. Id. at 20-22. Dr. Whitsett stated that he also reviewed the April 8, 1996 treatment record of Dr. Schroeder. Id. That record helped him to form the basis of his medical opinion. Id. *Page 10 
 {¶ 33} We find that this statement was not inadmissible under the hearsay rule in that it was not made to prove the truth of the matter asserted. Rather, Dr. Whitsett's reference to a medical record not admitted into evidence for the purpose of explaining the basis of his medical opinion is applicable to the issues discussed in Appellant's first and third Assignments of Error.
 {¶ 34} Further, the admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343. A reviewing court must not disturb a trial court's evidentiary ruling unless the ruling is found to be an abuse of discretion. Id., citing State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144. We find the trial court did not abuse its discretion in overruling Appellant's objection and allowing Dr. Whitsett's reference to the April 8, 1996 treatment record.
 {¶ 35} Appellant's fourth Assignment of Error is overruled.
 {¶ 36} Accordingly, the judgment of the Muskingum County Court of Common
Pleas is affirmed.
Delaney, J. and Gwin, P.J. concur.
Hoffman, J. concurs in part and dissents in part.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is AFFIRMED. Costs assessed to Appellant. *Page 11