OPINION
Appellant Evelyn Moser appeals a judgment of the Stark County Common Pleas Court in favor of appellees Carl and Shirley Griffin on their complaint for fraud concerning a real estate transaction:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN ADMITTING PLAINTIFFS' EXHIBIT 10 AS EVIDENCE OF COMPENSATORY DAMAGES IN VIOLATION OF EVIDENCE RULES 703 AND 802, AND IN THAT PLAINTIFFS' EXHIBIT 10 WAS NOT ADMISSIBLE INTO EVIDENCE AND WAS THE ONLY EVIDENCE OFFERED UPON THE ISSUE OF COMPENSATORY DAMAGES, THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR DIRECTED VERDICT.
 II. THE TRIAL COURT'S JUDGMENT AWARDING APPELLEES A JUDGMENT FOR $18,000.00 COMPENSATORY DAMAGES, $1,000.00 PUNITIVE DAMAGES AND $15,609.38 IN ATTORNEY FEES AND LITIGATION EXPENSES FOR FRAUDULENT CONCEALMENT OF A LATENT DEFECT IS CONTRARY TO LAW AND IS NOT SUPPORTED BY AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN AWARDING THE APPELLEES' PUNITIVE DAMAGES AND THEIR ATTORNEY FEES WHERE THERE WAS NO EVIDENCE UPON WHICH THE COURT COULD FIND MALICE ON THE PART OF THE APPELLANT.
Appellant was the distributor of Terra Quest Modular Homes in Stark County. She was also a licensed realtor with the T. K. Harris — Coldwell Banker Real Estate Agency.
Appellant arranged to acquire a lot in Louisville in order to erect a modular home. However, she needed financing for the purchase of the lot. She accomplished the financing through an arrangment with Louis Thomas, President of T. K. Harris — Coldwell Banker. Pursuant to this arrangment, Thomas purchased the lot and entered into a land contract with appellant.
Prior to installing the modular home, appellant supplied plans for a building permit from the City of Louisville. The modular home was delivered to the lot in sections, over the objections of neighboring lot owners.
Although the Building Department approved the plans, which called for a deck, the construction of the deck as shown in the plans violated the set back lines applicable to such a lot. Therefore, appellant was required to apply for a variance in order to construct the deck. The variance was denied.
On October 23, 1992, appellant entered into a purchase agreement with appellees for $95,000. The contract included an "as is" clause. In addition, the contract included language requiring appellees to install their own deck. On June 22, 1992, an inspector posted a "not approved" sticker at the residence, based particularly on a ten-foot drop from french doors, due to appellant's failure to construct a deck from the doors. On December 16, 1992, another inspection was made. A list of defects was provided to appellant, with an order to correct such defects. This order was issued after appellees had begun to occupy the home.
Appellees filed the instant action against T. K. Harris, Louis Thomas, appellant, Alice Schmucker, Terra Quest Modular Homes, and Coldwell Banker. The complaint alleged nine causes of action arising from the sale of the real estate: violation of Ohio Consumers Sales Practices, breach of warranty of habitability, negligent misrepresentation, fraud, negligent construction, strict product liability, breach of warranty of merchantability, res ipsa loquitur, and breach of contract. Prior to trial, all of the defendants, except appellant, were dismissed on summary judgment.
The matter proceeded to bench trial on the remaining causes of action. The court found that appellant fraudulently concealed material facts, by actively participating in soliciting the "as is" clause in the contract, without revealing her knowledge that a final inspection was needed, and that compliance with corrective orders emanating from a final inspection was required before a certificate of occupancy would be issued. In addition, the court found that appellant failed to disclose that she had gone through the process of requesting a variance for a deck, and such request was denied. The court found that she permitted the buyers to agree to the insertion of a clause in the contract, whereby they would construct a deck, when no guarantee of success was present.
The court allowed an election of remedies by appellees. Appellees could rescind the contract, and receive from appellant the full purchase price of $95,000, plus closing costs of $1,524.23. In the alternative, appellees could retain title and receive damages in the amount of $18,000. The court further granted punitive damages in the amount of $1,000. The court also ordered appellant to pay attorney fees in the amount of $15,609.38.
 I.
Appellant argues that the court erred in admitting Plaintiffs' Exhibit 10 as evidence of compensatory damages. Exhibit 10 was the report of All Ohio Inspection Services, which contains the expert opinion of Richard Lafferty that it would cost between $18,000 and $25,000 to bring the home to a reasonable, usable, and saleable condition. Appellant argues that the opinion was based on additional estimates that had been forwarded to the expert for review, which were not admitted into evidence, and were not based on his observation of the property. Appellant further argues that the document is hearsay.
Evid.R. 703 provides that the facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted into evidence at the hearing.
Where an expert bases his opinion, in whole or in major part, on facts or data perceived by him, the requirements of Evid.R. 703 have been satisfied. State vs. Solomon (1991), 59 Ohio St.3d 124, syllabus. In Solomon, two psychiatrists attempted to testify about an opinion they formed based in part on reports which were not admitted into evidence. On review, the Ohio Supreme Court noted that the expert witnesses had actually examined the patients, and based their opinions in major part on their own personal perceptions and observations. The court, therefore, concluded that the testimony was improperly excluded, as the experts had based their opinion in large part on their own perceptions. The court specifically noted that opinions may be based on perception or on facts or data admitted into evidence, as Evid.R. 703 is written in the disjunctive. Id. at 126. In the instant case, the court did not abuse its discretion in admitting Mr. Lafferty's expert opinion about the costs necessary to put the modular home in a usable condition. He based his opinion primarily on his inspection of the home. He testified that he based his estimate for repairs on the inspection he performed and the deficiencies that he noted, and his opinion about what he would do to rectify the problems with the home. Tr. (I)145.
Appellant also argues that the expert opinion was inadmissable pursuant to the hearsay rule. Some hearsay evidence necessarily is always involved with expert testimony. WorthingtonCity Schools vs. ABCO Insulation (1992), 84 Ohio App.3d 144, 152. However, the facts and data upon which an expert relies in making his opinion must be either perceived by him, or based upon evidence admitted at trial. Id. As noted above, Mr. Lafferty based his estimates and major part on facts and data perceived by him. Admission of his opinion did not violate the hearsay rule, as to some extent, hearsay evidence is always involved with expert testimony.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court's finding that appellant committed fraud is against the manifest weight of the evidence.
Where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the court, the reviewing court must give deference to such findings and conclusions. Myers vs. Garson (1993), 66 Ohio St.3d 610, 614. The underlying rationale of giving deference to the conclusion of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to use these observations in weighing the credibility of the testimony. Id. at 615.
An "as is" clause in a real estate contract does not bar a claim for fraudulent misrepresentation or fraudulent concealment.Brewer vs. Brothers (1992), 82 Ohio App.3d 148, 151. Non-disclosure becomes the equivalent of fraudulent concealment when it becomes the duty of a person to speak in order that the party with whom he is dealing may be placed on equal footing with him. Id. at 152. The duty to speak does not necessarily depend on the existence of a fiduciary relationship; it may arise in any situation where one party imposes confidence in the other because of that person's position, and the other party is aware of this confidence. Id.
In the instant case, there was sufficient competent and credible evidence from which the trial court could conclude that appellant had fraudulently concealed problems with the home. Appellant initially called the Louisville City Building Inspector for final inspection. At the time she entered the contract, she knew that final inspection had not been completed, and was aware that appellees still needed to obtain permission to live there. However, she failed to reveal this information to appellees. When the inspector arrived at the home in June, no one was there. However, he noticed the defect with the french doors, leading to a ten-foot drop. He discussed the problem with appellant in late June of 1992, and told appellant she would need to change her plans or obtain a variance for a deck from the french doors. This variance request was denied. Nevertheless, appellant inserted language into the contract making appellees responsible for construction of a deck, and negotiated over its placement in the rear of the premises, without explaining to appellees that the deck could not be placed there without a variance, which had already been denied. In addition, appellant made no effort to follow up with the building inspector after being informed of the deck problem. She was aware that residents of the city were opposed to the placement of modular homes within the city, as residents had blocked the delivery of the home with their cars. Therefore, appellant was aware that any further variance request she made would be subject to public opposition.
In addition, there was evidence that appellant and appellees were not on equal footing. Appellant had been in the real estate business for nearly twenty-five years prior to appellees purchase of the home. She had superior knowledge about the need for final inspection and the need for a variance for the deck, but appellees did not possess the same knowledge. In addition, she advertised the home as having a fifteen-year warranty, and there was evidence that Alice Schmucker, appellant's agent, told appellees on numerous occasions not to worry because the home had the fifteen-year warranty.
As there was competent and credible evidence to support the court's finding that appellant fraudulently concealed defects in the premises, the second Assignment of Error is overruled.
 III.
Appellant argues that there was insufficient evidence in the record from which the court could determine that appellant acted with actual malice, and therefore, the court erred in awarding punitive damages. Appellant further argues that because the court did not make a finding of actual malice in its Findings of Fact and Conclusions of Law, the judgment must be reversed.
We first address the issue of the court's failure to make a finding of actual malice. There was no request for Findings of Fact and Conclusions of Law in this case; nor did the court prepare a document specifically labeled "Findings of Fact and Conclusions of Law." The court's judgment entry does contain a significant number of facts upon which the court based its finding of fraud. The court's judgment is silent on the issue of actual malice; however, the court awarded punitive damages in the amount of $1,000.
Civ.R. 52 provides that when questions of fact are tried by the court without a jury, judgment may be general for the prevailing party, unless one of the parties in writing requests otherwise. When such a request is made, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
In the absence of a request for Findings of Fact and Conclusions of Law, the court did not err in entering a general verdict in favor of appellees on the issue of punitive damages. Although the judgment of the court did set forth Findings of Fact concerning fraud, appellant cannot now argue that such findings are insufficient on the issue of actual malice, in the absence of a specific request for Findings of Fact and Conclusions of Law. We presume that the Judge knew the law, and followed it in awarding punitive damages.
Actual malice, necessary for an award of punitive damages, is that state of mind under which a person's conduct is characterized by hatred, ill will, or the spirit of revenge, or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Preston vs. Murty
(1987), 32 Ohio St.3d 334, syllabus. Actual malice can be inferred from the defendant's conduct, and the surrounding circumstances. Villella vs. Waikem Motors, Inc. (1989), 45 Ohio St.3d 36,37, overruled on other grounds, Moskovits vs. Mt. Sinai
(1994), 69 Ohio St.3d 638, paragraph two of the syllabus. If punitive damages are proper, attorney fees are also recoverable.Id. at 41.
There was sufficient evidence in the record to support the court's award of punitive damages. There was evidence that appellant's land contract was coming up, and she wanted to sell the home quickly. She knew she could not place a deck below the french doors, and that no final inspection had been conducted or a certificate of occupancy granted. However, appellant entered into an agreement with appellees to purchase the house with an "as is" clause inserted in the contract, and made appellees responsible for constructing a deck on the rear of the premises. She did this with full knowledge that there were numerous defects in the property, as noted by the inspector, and she had been denied a variance for the deck. Nonetheless, she did not disclose any of this information to appellees. There was competent, credible evidence from which the court could conclude that appellant acted with conscious disregard for the rights of appellees.
The third Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.