OPINION
Donald Ryser ("appellant") appeals the March 2, 2001 judgment on the verdict by the Trumbull County Court of Common Pleas. The jury found that appellant was not entitled to participate in the workers' compensation fund. The instant appeal raises an issue as to the trial court's decision to admit certain expert testimony and/or the trial court's failure to admit certain exhibits into evidence. For the following reasons, we affirm the judgment of the trial court.
On January 10, 1995, appellant filed a claim for benefits under the workers' compensation program, alleging that he sustained an occupational disease, identified as cervical spine degenerative disc disease, lumbar spine degenerative disc disease, and lumbar herniated disc L5-S1, as a result of his employment at United States Can Company ("appellee"). Appellant's claim and all subsequent administrative appeals were denied. Subsequently, on April 3, 1997, appellant filed a complaint in the trial court, appealing the denial of his workers' compensation claim. Thereafter, appellee moved for summary judgment. On April 22, 1998, the trial court granted appellee's motion. Upon appeal, this court reversed and remanded the matter for a trial on the merits. Ryser v. United StatesCan Co. (Mar. 31, 2000), Trumbull App. No. 98-T-0088, unreported, 2000 Ohio App. LEXIS 1428.
Subsequently, a jury trial commenced on February 28, 2001 and March 1, 2001. On March 2, 2001, the jury returned a verdict, finding that appellant was not entitled to participate in the workers' compensation fund. That same day, the trial court entered a judgment on the verdict, reflecting the jury's decision. Thereafter, on March 30, 2001, appellant filed a timely appeal, asserting two assignments of error:
 "[1.] The trial court erred in admitting the testimony of appellee's expert witness, Benjamin M. Hayek, M.D. because his opinions were based upon matters not perceived by him or admitted into evidence at trial.
 "[2.] The trial court erred in failing to admit documents which were relied upon by appellee's expert, Benjamin M. Hayek, M.D., in rendering his opinion."
 In appellant's first assignment of error, appellant contends the trial court erred in admitting the testimony of Dr. Hayek. Appellant argues that, as a result of the trial court's ruling that certain exhibits were not admissible, the trial court was required to strike the testimony of Dr. Hayek. Appellant avers that Dr. Hayek's opinion testimony was based on documents not admitted into evidence.
In the case sub judice, appellee presented the expert testimony of Dr. Benjamin M. Hayek, via video deposition. Appellant does not raise argument as to Dr. Hayek's qualifications as an expert witness. Rather, appellant's arguments go to the basis of Dr. Hayek's opinion testimony. Appellant moved to admit into evidence his Bureau of Workers' Compensation claim application, marked as plaintiff's exhibit No. 2. Attached to appellant's claim application were the reports of Drs. Slemons and Stabile. Appellant's claim application was admitted into evidence. However, discussion ensued as to the admissibility of the attached reports. Appellee objected to the admission of the attached reports because Dr. Slemons had testified at trial and Dr. Stabile's report was hearsay. Appellant responded that appellee's expert witness, Dr. Hayek, relied on those reports in forming his opinion; therefore, they had to be admitted into evidence. The trial court informed the parties that what would otherwise be hearsay does not automatically become admissible simply because an expert relies upon it. The trial court offered appellant the opportunity to allow portions of the reports, pertaining to appellant's medical history, to be admitted into evidence. However, appellant declined and proffered the two reports into the record. The reports, in their entirety, were not admitted into evidence. On that basis, Appellant then moved to strike the entire testimony of Dr. Hayek; however, the trial court overruled appellant's motion.
A trial court's ruling as to the admission or exclusion of testimony is within its broad discretion and will not be disturbed absent an abuse of discretion. Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607. Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Evid.R. 703 provides: "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing." However, when an expert's opinion is based, in whole or in major part, on facts or data perceived by him, then the requirements of Evid.R. 703 are satisfied. State v. Solomon (1991), 59 Ohio St.3d 124, syllabus;Farkas v. Detar (1998), 126 Ohio App.3d 795, 798. In Solomon, supra,
issues surrounded the admissibility of the expert testimony of certain physicians. The Supreme Court of Ohio stated that the physicians personally examined the appellee and, thus, had based their opinions on facts or data perceived by them, despite the fact that their opinions were partially based on medical reports not in evidence. Solomon at 126.
In the case sub judice, Dr. Hayek conducted an examination of appellant on February 28, 1995. Dr. Hayek testified that he obtained a history from appellant and that he conducted a clinical and neurological examination of appellant. Dr. Hayek also stated that, in conjunction with his physical examination of appellant, he reviewed the medical records that were provided to him. Dr. Slemons' medical records of appellant were admitted into evidence as plaintiff's exhibit No. 3. Dr. Hayek testified that his expert opinions were based solely upon his examination of appellant, the history that he obtained from appellant, and his review of the medical records. Thus, in reviewing Dr. Hayek's expert testimony, we are convinced that his expert opinions were based, in whole or in major part, on those things perceived by him or admitted into evidence at trial.
Additionally, although Dr. Hayek stated that he reviewed the reports of Drs. Slemons and Stabile and used them in his preparation, there is a clear distinction between reviewing medical reports and relying on them to form an opinion. With medical expert testimony, it would be unusual for an attorney not to have his expert witness review the medical reports by the other side's experts. There is absolutely no testimony on the part of Dr. Hayek that he relied on those reports in forming his opinions. There is nothing extraordinary about Dr. Hayek reviewing the reports of appellant's experts.
Furthermore, the substance of these reports, pertaining to appellant's history, was identical to the facts that were presented at trial. Only the opinions that were stated in these reports were different. We cannot say that the trial court abused its discretion by admitting the expert testimony of Dr. Hayek. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, appellant asserts the trial court erred in failing to admit into evidence the exhibits upon which Dr. Hayek's expert opinion was based. Specifically, appellant's arguments concern the reports of Drs. Slemons and Stabile.
The admission or exclusion of evidence rests within the sound discretion of a trial court. Evid.R. 104(A); see, also, Ponti v.Erieside Clinic, Inc. (Mar. 17, 1995), Lake App. No. 93-L-205, unreported, 1995 Ohio App. LEXIS 977, at 7. Hearsay, as defined by Evid.R. 801(C), is a statement, other than one made by the declarant while testifying at the trial, offered into evidence to prove the truth of the matter asserted. Pursuant to Evid.R. 802, hearsay is not admissible unless an exception is applicable. Of relevance to the instant case, Evid.R. 803 provides the following exceptions to the hearsay rule:
 "(3) *** A statement of the declarant's then existing *** physical condition (such as *** pain, and bodily health) ***.
 "(4) *** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." (Emphasis added.)
 In the instant case, Dr. Slemons' report included statements pertaining to appellant's pain, medical history, and work history. Dr. Slemons' report also included his opinion that appellant was totally and permanently disabled as a result of his occupational disease from his employment. Similarly, Dr. Stabile's report included statements that pertained to appellant's symptoms, medical history, work history, and his observations of appellant. Dr. Stabile's report also included his opinion as to the reason for appellant's degenerated disc and herniated disc at L5-S1. The trial court offered appellant the opportunity to allow portions of those reports, pertaining to appellant's history, to be admitted into evidence. The trial court reasoned that a history made by a patient to his doctor is admissible. However, the trial court indicated that the opinions in the reports as to what happened or what did not happen were not admissible. Appellant declined the offer and proffered the two reports.
Upon examination of the reports of Drs. Slemons and Stabile, certain portions of those reports would fall under the hearsay exceptions of Evid.R. 803(3) and (4). The trial court properly offered appellant the opportunity to admit into evidence those portions, relating to appellant's history, pain, and symptoms. However, those parts of the reports, referencing Drs. Slemons and Stabile's opinions, do not fall under any exception to the hearsay rule. Furthermore, the fact that Dr. Stabile did not testify at trial, but that Dr. Slemons did testify at trial, does not make Dr. Slemons' opinion, contained in his report, admissible. Hearsay is a statement other than one made while testifying at trial that is offered to prove the truth of the matter asserted. Appellant declined the offer to admit those portions of the reports that were admissible. As such, the trial court properly excluded the reports of Drs. Slemons and Stabile since the hearsay rule was applicable to specific parts of those reports. We cannot say that the trial court abused its discretion in refusing to admit the reports of Drs. Slemons and Stabile. Appellant's second assignment of error is without merit.
For the foregoing reasons, appellant's two assignments of error are without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., CHRISTLEY, J., concur.