This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Nayana Prakash ("Appellant"), appeals from a judgment of the Summit County Court of Common Pleas, which entered judgment in favor of Appellees, the Copley Township Trustees ("Appellees"). We affirm.
 I.
{¶ 2} Dr. Rohit Prakash, husband of Appellant, purchased 56 acres of land located at 2305 Copley Road in Copley Township, Ohio (the "property"). The property is deeded in Appellant's name.
{¶ 3} The property has been zoned as "Open Space and Conservation District," or O-C, since 1957. The parties agree that the O-C designation is the most restrictive in Copley Twp.'s zoning code. The O-C designation limits the uses of the land; residential development is prohibited, except for single-family residences built on lots of at least five acres. According to Copley Twp.'s zoning code, the O-C district was established:
{¶ 4} "A. To preserve and protect the values of distinctive geologic, topographic, botanic, historic and scenic areas;
{¶ 5} "B. To protect the ecological balance of an area;
{¶ 6} "C. To conserve natural resources, such as river valley and tracts of forest land; and,
{¶ 7} "D. To reduce the problems created by intensive development of areas having excessively high water tables, organic or other soils unsuitable for most types of urban development, or which are subject to flooding, or which are topographically unsuited for urban type uses." Copley Twp. Zoning Regulations 440-1.
{¶ 8} The property is a triangular shape and is bounded on its two longest sides by lots zoned R-3, a designation which allows private residences on half acre lots, as well as multi-family dwellings. The property also abuts a relatively small area that is zoned I-1, or industrial.
{¶ 9} It was Dr. Prakash's stated purpose in purchasing this property to build a Montessori school, a temple, and a healing center. Dr. Prakash abandoned those plans when he discovered that the zoning would not permit such a use. Thereafter, Appellant sought re-zoning from Appellees, from O-C to R-3, to allow development of the property as residential, but on smaller lots than the five acres required by the O-C designation, as well as multi-family structures. Appellees denied the request.
{¶ 10} Bypassing the Copley Twp. Board of Zoning Appeals, Appellant filed suit under R.C. 2721.01, et. seq., seeking a declaratory judgment that the O-C zoning classification is unconstitutional and illegal as applied to the property, because it is arbitrary, capricious, and unreasonable, and is not substantially related to the public health, safety, and general welfare. Appellant also asked for an injunction ordering Appellees to rezone the property or to enjoin Appellees from interfering with uses consistent with an R-3 zoning.
{¶ 11} The case proceeded to a bench trial wherein Appellant called various expert witnesses to testify that the O-C designation as applied to the property was not necessary to meet its stated purposes, and that the land could sustain use consistent with an R-3 classification. Appellees responded with testimony from two government officials, one of whom is an appellee, who testified regarding the reasons for the denial. Those two witnesses identified various documents they relied upon in reaching their conclusions that an R-3 designation was inappropriate for the property. Appellees also questioned Dr. Prakash regarding his attempts to ascertain the zoning classification of the property prior to the purchase of the land.
{¶ 12} The trial court found for Appellees, asserting that the central issue was "whether Copley's O-C Zoning Classification, as applied to the [property], is arbitrary, unreasonable, and not substantiated to any legislative public policy goal[.]" The trial court, in its judgment entry, stated that because Appellant "alleges a `taking'," then Appellant, to prove her case, had to show beyond fair debate, that the zoning classification denied her "an economically viable use of the zoned property and that the zoning classification fails to advance a legitimate governmental interest." Further, the trial court found that any hardship on Appellant was self-created due to a lack of investigation before purchasing the property.
{¶ 13} Appellant timely appealed, raising eight assignments of error. We have rearranged and consolidated some of the assignments of error for ease of discussion.
 II. Assignment of Error No. 1
{¶ 14} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN TREATING THE PLAINTIFF'S CONSTITUTIONAL CHALLENGE AS A TAKINGS CLAIM."
{¶ 15} Appellant argues that the trial court misapplied the law to her claim, treating her claim as though it were a takings case when, in actuality, it is a claim that the zoning ordinance is unconstitutional as applied to the property. Appellees respond that the court decided only the constitutional issue regardless of using the word "takings" in its judgment entry, and therefore there is no reversible error.
{¶ 16} An appellate court reviews issues of law de novo. State v.Wooldridge (Oct. 8, 1999), 2nd Dist. No. 17708, appeal not allowed (2000), 88 Ohio St.3d 1416. Error in a ruling or order by the court is not grounds for reversal, unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. Civ.R. 61[1]; R.C. 2309.59. "In determining whether a substantial right of a party has been affected, the reviewing court must decide whether the trier of fact would have reached the same decision, had the error not occurred." Moore v. Univ. of Akron (Aug. 1, 2001), 9th Dist. No. 20320, at 3, citing Hallworth v. Republic Steel Corp. (1950), 153 Ohio St. 349, paragraph three of the syllabus.
{¶ 17} "There is a difference between a constitutional challenge to an ordinance as applied to a parcel of land and a constitutional challenge that also alleges that a taking of the property has occurred. The first seeks only a prohibition against the application of the ordinance to the property, whereas with the second, the landowner seeks compensation for a taking of the affected property." Goldberg Cos., Inc.v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207, 210. Plaintiffs must prove different elements for the two. Id. at 210-212. Where a party alleges a taking, the party must show that the application of the ordinance results in a deprivation of all economically viable use of the land or that the ordinance fails to advance a substantial legitimate government interest. Id. at 211. Where a party does not allege a taking, the court's only inquiry need be whether the ordinance was clearly arbitrary and unreasonable, with no substantial relation to the public health, safety, morals, or general welfare. Id. at 213.
{¶ 18} In its judgment entry, the trial court stated that this case alleges a taking, therefore Appellant would need to prove that the zoning classification denies her "an economically viable use of the zoned property and that the zoning classification fails to advance a legitimate governmental interest." This is a misstatement of law; the actual test for a taking is deprivation of all economically viable use, or failure to advance a legitimate governmental interest. However, the trial court, in the judgment entry, does not address the issue of deprivation of all economic use, but instead held that Appellant did not carry her burden of proof to demonstrate that the "denial of the zoning amendment" was arbitrary, unreasonable, and not substantially related to a legitimate government interest. Thus the trial court's final determination is solely on the constitutional issue. Any mention in the judgment entry of a takings claim or the economic use of the land therefore does not affect a substantial right of the Appellant and is harmless error. Appellant's first assignment of error is overruled.
 Assignment of Error No. 6
{¶ 19} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN RELYING ON THE EVIDENCE THAT THE PLAINTIFF KNEW OR SHOULD HAVE KNOWN ABOUT THE EXISTING ZONING CLASSIFICATION WHEN SHE PURCHASED THE PROPERTY."
 Assignment of Error No. 7
{¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING IRRELEVANT AND INADMISSIBLE EVIDENCE REGARDING KNOWLEDGE OF THE ZONING CLASSIFICATION AT TIME OF PURCHASE."
{¶ 21} In these two assignments of error, Appellant argues that the court's determination that prior knowledge of the zoning classification bars a constitutional challenge is contrary to law and any evidence presented to establish prior knowledge is irrelevant and therefore inadmissible. Appellees respond that because the court independently concluded that the Appellant did not prove the zoning ordinance unconstitutional, the court's consideration of prior knowledge is harmless error.
{¶ 22} A claim is not barred by the mere fact that title was acquired after the effective date of a zoning restriction. Palazzolo v.Rhode Island (2001), 533 U.S. 606, 630, 150 L.Ed.2d 592 (O'Connor, J., concurring.) Were a claim so barred, the state would not be required to justify its zoning decisions to subsequent purchasers. Id. at 627; see, also, State ex rel. Shemo v. Mayfield Hgts. (2002), 95 Ohio St.3d 59,66. "Future generations, too, have a right to challenge unreasonable limitations on the use and value of land." Palazzolo, 533 U.S. at 627.
{¶ 23} "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Evidence which is not relevant is not admissible." Evid.R. 402.
{¶ 24} In the findings of fact in the judgment entry, the trial court stated that the property is zoned O-C and has been since 1957 without change or interruption. Also in the judgment entry, the trial court made several references to the lack of investigation by Dr. Prakash to determine any hindrances to his plans if he should purchase the property. The trial court concluded that Appellant's hardship is self-created and therefore acts as a bar to her claim. That is contrary to the holding in Shemo, supra. Because a subsequent purchaser may challenge the constitutionality of a zoning ordinance, any evidence presented which would tend to prove prior knowledge of the zoning ordinance has no value to the ultimate question of constitutionality and is therefore irrelevant and inadmissible.
{¶ 25} Having determined that it is incorrect to hold that Appellant is barred from her claim because of her prior knowledge, we nonetheless deem the misapplication of law to be harmless error. As stated in the discussion regarding the first assignment of error, the court found for Appellees on separate and independent grounds. Therefore, the Appellant has suffered no injury to her substantial rights. Appellant's sixth and seventh assignments of error are overruled.
 Assignment of Error No. 4
{¶ 26} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADMITTING AND RELYING UPON DEFENDANTS' EXHIBIT M BECAUSE IT CONSTITUTES INADMISSIBLE HEARSAY EVIDENCE UNDER EVID. R. 802 AND 803(8)."
{¶ 27} In the fourth assignment of error, Appellant argues that Exhibit M is inadmissible as a hearsay document not falling within an exception, including the Evid.R. 803(8) exception for public records.
{¶ 28} A trial court has broad discretion in the admission of evidence, and an appellate court should not disturb the trial court's ruling unless it has clearly abused its discretion and the party has been materially prejudiced thereby. State v. King (May 31, 2000), 9th Dist. No. 2963-M, at 3, appeal not allowed (2000), 90 Ohio St.3d 1428, certiorari denied (2001), 532 U.S. 994, 149 L.Ed.2d 637. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 29} Hearsay is a statement, oral or written, made by someone other than the declarant while testifying, which is offered to prove the truth of the matter asserted in the statement. Evid.R. 801(A) and (C). Hearsay is not admissible unless otherwise allowed by rule, statute or constitutional provision. Evid.R. 802.
{¶ 30} Evid.R. 803(8) contains a hearsay exception for public record and reports and states in pertinent part:
{¶ 31} "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report *** [are admissible] unless the sources of information or other circumstances indicate lack of trustworthiness."
{¶ 32} The foundational requirements for admission of official records pursuant to Evid.R. 803(8)(b) require that: (1) a government employee who is the source of the information must have personal knowledge of the event or condition described in the report; (2) the source must be under a legal duty to report the information; and (3) the official agency must be legally required to prepare and maintain the report. State v. Breeze (1993), 89 Ohio App.3d 464, 472-473, citing 1 Weissenberger's Ohio Evidence (1993) 92, Section 803.106. "The requirements are even greater when the official records contain multiple hearsay, since each successive hearsay statement must conform to a hearsay exception in order to be admissible." Breeze,89 Ohio App.3d at 473. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Evid.R. 805.
{¶ 33} We begin our discussion regarding Appellant's Exhibit M, noting that the trial court, in the judgment entry, mentioned this document as having been submitted to the Summit county Planning Commission. Appellees' Exhibit M is a letter written by witness Cindy Fink, an employee of the Summit Soil Water Conservation District. In the letter, which is addressed to the planning director of the County of Summit Department of Development, Fink relates information received from a third party, Jon Reedstrom, regarding improving the soil conditions of the property with the lowering of the water tables.
{¶ 34} The trial court permitted Fink's testimony as an expert, over numerous objections made by Appellant. Exhibit M was accepted into evidence as a basis for Fink's opinion. "The facts or data in the particular case upon which an expert bases an opinion *** may be those perceived by him or admitted in evidence at the hearing." Evid.R. 703. An expert may not rely on statements of others as a basis for his expert testimony when the statements have not been admitted into evidence. OhioDept. of Mental Health v. Milligan (1988), 39 Ohio App.3d 178, 182. The testimony regarding the facts underlying the expert opinion should be admitted prior to the expert's testimony, however the failure to do so is not reversible error if the evidence as to the underlying facts is eventually admitted. Patrick v. Painesville Commercial Properties, Inc.
(1997), 123 Ohio App.3d 575, 586.
{¶ 35} In order to form the basis of Fink's expert opinion, Exhibit M must be separately admissible in its own right. The exhibit constitutes hearsay within hearsay because it contains two out of court statements offered for the truth of the matters they assert. The statements of Fink, herself, contained in the letter are the first hearsay; because Fink was present to testify and could be cross-examined regarding the statements she made, the first statement is admissible. The statements attributed to Jon Reedstrom are the second hearsay. The statement that 80-90% of the land at issue are hydric in nature is not definitively attributed to Reedstrom. However, the statement that the lowering of the water table, even over a 40-year period, should not affect the hydric nature of the land is attributed to Reedstrom. This second hearsay does not fall under one of the delineated exceptions to hearsay contained within the rules of evidence, making it inadmissible. Because the second statement is inadmissible, the entire document is inadmissible.
{¶ 36} Nonetheless, this is one piece of evidence out of numerous exhibits and days of testimony, and it is relatively insignificant. The court did not explicitly make any factual findings as to the inadmissible portions of the letter. There is no suggestion that the court relied upon any finding as to what would happen after a 40 year lowering of the water table and it can be assumed that a trial judge, deciding the case in the absence of a jury, disregarded improper evidence. The admittance of Exhibit M is therefore harmless error. Appellant's fourth assignment of error is overruled.
 Assignment of Error No. 5
{¶ 37} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADMITTING OTHER INADMISSIBLE HEARSAY EVIDENCE FROM THE ADMINISTRATIVE RECORD AT TRIAL."
{¶ 38} In assignment of error five, Appellant argues that Exhibits D, K, and L are inadmissible as hearsay documents not falling within an exception. We disagree.
{¶ 39} As previously noted, a trial court has broad discretion in the admission of evidence, and an appellate court should not disturb the trial court's ruling unless it has clearly abused its discretion and the party has been materially prejudiced thereby. State v. King (May 31, 2000), 9th Dist. No. 2963-M, at 3.
{¶ 40} Exhibit D is a letter from Fink's agency signed by the agency chairman, Andy Wineberg. Fink identified the letter, stating that although the letter does not bear her signature, she was the author. The letter contains results of a site review completed in 1994 by Fink's agency. Fink testified that to arrive at the conclusions stated in the letter, "we do a preliminary site review" by going to look at the property. When asked to explain "we," she responded, "Myself or the other staff member[.]" She was then asked, "Did you walk this site?" She replied, "Yes, participated in the on-site viewing, looked at the site, did research on the soils, the topography, wetlands map, and wrote up basically a letter for the Planning Department for the township, stating — generally state the concern we have dealing with soils, potential wetland issues, and briefly address the erosion sediment control and measure a plan that is going to be needed, prior final plan approval." It is not possible to tell from her answer if she considered the "you" in the question to be plural or singular. However, when asked in cross-examination if she had visited the site herself, she responded that she had not.
{¶ 41} Nevertheless, in order for Exhibit D to constitute hearsay, it must be admitted to prove the truth of the matter asserted. A review of the exhibit demonstrates that it contains general information regarding the types of soils on the property and recommendations for proceeding further with a construction project. The exhibit does not state that residential construction is not possible, only that further tests are recommended. There is no indication in the judgment entry that the trial court relied upon this exhibit for its truth. Further, the facts asserted within the exhibit regarding the soil types are duplicated within Appellant's own exhibits. Therefore Exhibit D is admissible.
{¶ 42} Trustee Dale Panovich, an appellee, identified Exhibits K and L as copies of the staff recommendation from the Summit County Planning Commission regarding the property. The trial court allowed these exhibits to be admitted, but twice cautioned that they were not admitted for the truth of the matter asserted, but only to demonstrate that the township trustees based their decision to disallow the re-zoning request on consultant materials. We note that Exhibit K contains wording used in the judgment entry, that 80-90% of the soils on this site are hydric or wetland soils, but which the trial court, in the judgment entry, attributes to Exhibit M. Nevertheless, because the trial court did not admit these documents for the truth of the matter asserted, they are by definition non-hearsay, and are therefore admissible for the limited purpose articulated by the trial court. Appellant's fifth assignment of error is overruled.
 Assignment of Error No. 2
{¶ 43} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY TREATING THE PLAINTIFF'S CONSTITUTIONAL CHALLENGE TO THE O-C ZONING CLASSIFICATION AS IF IT WERE AN ADMINISTRATIVE APPEAL OF COPLEY TOWNSHIP'S DENIAL OF HER REZONING APPLICATION."
 Assignment of Error No. 3
{¶ 44} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADMITTING AND CONSIDERING EVIDENCE REGARDING DALE PANOVICH'S REASONS FOR DENYING THE PLAINTIFF'S REZONING APPLICATION."
{¶ 45} In these two assignments of error, Appellant argues that it is apparent from the evidentiary rulings and the judgment entry that the court treated this case as an administrative appeal. Particularly, the court entertained testimony regarding the reasons why the Appellees refused the re-zoning, when such is not relevant to a constitutional inquiry into the applicability of the ordinance.
{¶ 46} As discussed above in assignments of error four and five, a trial court is awarded great discretion in evidentiary rulings.
{¶ 47} "The Supreme Court of Ohio has held that `there is a legitimate governmental interest in maintaining the aesthetics of the community and, as such, aesthetic considerations may be taken into account by the legislative body in enacting zoning legislation.'" BPAmerica, Inc. v. Council of Avon (Mar. 28, 2001), 9th Dist. No. 00CA007563, at 6, quoting Franchise Developers, Inc. v. Cincinnati
(1987), 30 Ohio St.3d 28, paragraph two of the syllabus.
{¶ 48} Traffic considerations may not always be sufficient alone to justify a zoning ordinance; however a decision of a trial court will not be reversed where it merely considered traffic safety as one part of the zoning scheme. Carney v. Warren Cty. Bd. of Comm'rs. (Aug. 26, 1991), 12th Dist. No. CA90-07-046, appeal not allowed (1992),62 Ohio St.3d 503, citing Columbia Oldsmobile, Inc. v. Montgomery
(1990), 56 Ohio St.3d 60, 67.
{¶ 49} In the judgment entry, the trial court states that the Copley Board of Trustees considered the application for rezoning and, after a hearing, denied it. Trustee Dale Panovich testified that the reasons for the denial included the preservation of open space and rural character, as well as traffic concerns. These are issues that may be considered when determining the reasonableness of a zoning ordinance and the presence of a legitimate government interest. This court does not agree that the inclusion of this testimony characterized the hearing as one of an administrative appeal given that the testimony was applicable to the constitutional issue, and we find no abuse of discretion in allowing the testimony regarding reasons for the denial of the re-zoning application. Therefore, Appellant's second and third assignments of error are overruled.
 Assignment of Error No. 8
{¶ 50} "THE TRIAL COURT'S JUDGMENT IS ERRONEOUS AS A MATTER OF LAW AND NOT SUPPORTED BY CREDIBLE AND COMPETENT EVIDENCE."
{¶ 51} Appellant reiterates her arguments contained within her other assignments of error, arguing that the trial court relied upon inadmissible hearsay and that the trial court misapplied the law when it determined that Appellant is barred by prior knowledge of the zoning ordinance. Further, Appellant claims that the trial court improperly concluded that the soil of the property is unsuitable for an R-3 zoning classification.
{¶ 52} Having dispensed with the hearsay and misapplication of the law arguments above, we decline to revisit them in a separate and redundant assignment of error.
{¶ 53} The argument that the trial court reached an improper conclusion as to the viability of developing the land essentially argues that the finding is against the manifest weight of the evidence. Appellant asserts that the trial court's finding in her favor on this issue would have upheld her constitutional challenge to the zoning restriction.
{¶ 54} When determining whether a judgment is against the manifest weight of the evidence in a civil case, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286, at 14. "An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340. This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of the appellant.
{¶ 55} A thorough review of the transcript and exhibits shows that there was credible evidence to counter Appellant's position that it is viable to build upon the land. Therefore, we do not find that in reaching its conclusion, the trier of fact lost its way and created a manifest miscarriage of justice. Appellant's eighth assignment of error is overruled.
 III.
{¶ 56} Appellant's eight assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J. CONCURS
[1] Civ.R. 61 provides, in relevant part: "No error in *** the admission *** of evidence *** is ground for *** vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."